IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:02CV104
(1:00CR6-3)

| | | |
|---|---|---|
| TROY LOGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | <u>O R D E R</u> |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment. The motion is denied.

## I. PROCEDURAL HISTORY

The Petitioner's motion pursuant to 28 U.S.C. § 2255 was denied by the undersigned; Petitioner appealed the Court's Judgment to the United States Fourth Circuit Court of Appeals where his motion for a certificate of appealability was denied and the appeal dismissed. The Supreme Court denied the Petitioner's petition for a writ of *certiorari*. *United States v. Logan*, **53 Fed. Appx. 245 (4ᵗʰ Cir. 2002),** *cert. denied*, **538 U.S. 1042 (2003).**

## II. DISCUSSION

Petitioner moves for relief pursuant to Federal Rule of Civil Procedure 60(b) which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a

party . . . from a final judgment . . . for . . . any . . . reason justifying relief from the operation of the judgment." However, contrary to the Petitioner's assertions, it is clear that this motion is actually a second § 2255 motion.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
> . . .
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
> . . .
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

*United States v. Winestock*, 340 F.3d 200, 204-05 (4th Cir. 2003). "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." *Id.*, at 203.

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. The undersigned has no jurisdiction to entertain a second one unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is actually a successive petition, it must be presented in the first instance to the Fourth Circuit. ***Winestock***, ***supra*, at 205 ("As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.").**

In support of this motion, the Petitioner alleges that the Court's reliance on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was misplaced in view of the Supreme Court's recent decisions in *Blakely v. Washington State*, 542 U.S. 296 (2004), and *Booker v. United States*, 125 S. Ct. 738 (2005).

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.
>
> . . .
>
> [This] holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Winestock, supra*, at 206-07 (quoting *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002) (other internal citations and quotations omitted). Here, these new allegations of constitutional error and new legal arguments are based on recent Supreme Court decisions. These are successive claims because they are based on new law which is not retroactively applicable to collateral attacks. *Id.*; *United States v. Fowler*, 133 Fed. Appx. 922, 923 (4th Cir. 2005) ("[N]either *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *Gitten v. United States*, 311 F.3d 529 (2d Cir. 2002); *Santiago v. United States*, 64 Fed. Appx. 281, 286 (2d Cir.), *cert. denied*, 540 U.S. 992 (2003)

4

("Santiago's *Apprendi/Castillo* claim was first raised in the District Court as part of his Rule 60(b) motion for reconsideration. ... [A] Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals."); *United States v. Ray*, 4 Fed. Appx. 197 (4th Cir. 2001). These arguments directly attack the Petitioner's conviction and sentence and thus are successive. Therefore, they are subject to the requirements for successive applications; that is, they must first be presented to the Fourth Circuit. As a result, the undersigned has no jurisdiction to entertain any of the claims presented.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) is a successive motion pursuant to 28 U.S.C. § 2255 and is hereby **DENIED** for lack of jurisdiction.

**Signed: August 22, 2005**

Lacy H. Thornburg
United States District Judge